UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MAHONE,<br><br>            Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | ) Case No. CV 09-5614 JC<br>)<br>)<br>) MEMORANDUM OPINION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**I.    SUMMARY**

On August 4, 2009, plaintiff Michael Mahone ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; August 11, 2009 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On May 8, 2006, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 101-04). Plaintiff asserted that he became disabled on July 1, 2005, due to heart disease. (AR 113). The ALJ examined the medical record and heard testimony from plaintiff, who was represented by counsel, on November 13, 2007. (AR 30-58).

On February 14, 2008, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 21-29). Specifically, the ALJ found: (1) plaintiff suffered from the severe impairment of coronary artery disease with a history of coronary bypass involving four vessels (AR 24); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 27); (3) plaintiff retained the residual functional capacity to perform the full range of light work (AR 27); (4) plaintiff could not perform his past relevant work (AR 28); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 28); and (6) plaintiff's allegations regarding his limitations were not fully credible. (AR 27-28).

The Appeals Council denied plaintiff's application for review. (AR 4-6).

///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in

significant numbers in the national economy? If so, the
claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

**B.     Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.   DISCUSSION**

Plaintiff contends that the ALJ erred by improperly evaluating and discounting his credibility. (Plaintiff's Motion at 4-11). The Court disagrees.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying

impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" Lingenfelter, 504 F.3d at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "The ALJ must cite the reasons why the claimant's testimony is unpersuasive." Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007) (citation and quotation marks omitted). In weighing credibility, the ALJ may consider factors including: the nature, location, onset, duration, frequency, radiation, and intensity of any pain; precipitating and aggravating factors (e.g., movement, activity, environmental conditions); type, dosage, effectiveness, and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; the claimant's daily activities; and "ordinary techniques of credibility evaluation." Bunnell, 947 F.2d at 346 (citing Social Security Ruling ("SSR") 88-13[2]; quotation marks omitted). The ALJ may consider (a) inconsistencies or discrepancies in a claimant's statements; (b) inconsistencies between a claimant's statements and activities; (c) exaggerated complaints; and (d) an unexplained failure to seek treatment. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If properly supported,

///

---

[2]Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

5

the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

In this case, the ALJ found that plaintiff's impairment of heart disease "provides some exertional limitations," but the ALJ "discount[ed] and [gave] no weight to the testimony of the claimant because [he found] him not fully credible." (AR 26-27). The ALJ provided several reasons for discounting plaintiff's credibility. First, the ALJ found that plaintiff's allegations were not "supported by the credible medical evidence." (AR 27). Although lack of objective medical evidence supporting the degree of limitation "cannot form the sole basis for discounting" subjective symptom testimony, it is a factor that an ALJ may consider in assessing credibility. Burch, 400 F.3d at 681. Here, the ALJ reviewed the medical record and noted that the medical sources concurred that plaintiff "had no significant residual restrictions or limitations from the heart attack and surgery and that he remains capable of performing light work activity." (AR 28). Indeed, the consultative examining physician found that plaintiff could engage in medium work. (AR 27, 163). The examining psychiatrist found that there was "no evidence of cognitive deficits, perceptual disturbances or delusional disorders" and opined that plaintiff would be "able to tolerate the stress inherent in the work environment, maintain regular attendance[], and work without supervision." (AR 25, 177). The ALJ adopted the testifying medical expert's opinion that plaintiff should be restricted to light work based on his slightly reduced ejection fraction. (AR 27, 51). The Court's review of the record does not reveal any medical opinions suggesting that plaintiff's functional capacity was more limited. The ALJ properly considered the lack of supporting medical evidence in assessing plaintiff's credibility.

The ALJ also found that plaintiff "is capable of performing a number of activities of daily living and is able to care for his personal hygiene." (AR 28). Although the ALJ did not recount with any particularity plaintiff's activities of

daily living, plaintiff stated in an "Exertional Daily Activities Questionnaire" that he walks four miles and works out with a trainer on an average day and that he performs household chores such as vacuuming, washing dishes, and other "normal things to keep [the] house clean." (AR 141-42). In May 2006 a physical therapist stated that plaintiff was "in excellent condition and a very high achiever," and set as plaintiff's goal the ability to "tolerate 3 sets of 12 on all resistance exercises . . . and 4 miles (16 laps) on treadmill in 50 [minutes]" by the following month. (AR 336-37). The ALJ properly discounted plaintiff's credibility on the basis that his daily activities were inconsistent with his alleged level of disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (ALJ properly concluded that daily activities of claimant who "tends to animals, walks outdoors, goes out for coffee, and visits with neighbors" contradicted testimony of disabling symptoms).

In further support of his credibility determination, the ALJ stated that plaintiff "is an admitted drug abuser." (AR 28). Although plaintiff "testified at the hearing that his last use of cocaine and marijuana was in June 2005," the ALJ concluded that "[t]he evidence is unclear as to whether the claimant's drug abuse is in remission or not." (AR 27 & n.4, 45). Plaintiff was admitted to the hospital and diagnosed with "polysubstance abuse including marijuana and cocaine" in June 2007. (AR 25, 231). Plaintiff stated to a psychologist that he had used marijuana that month, and he tested positive for cocaine and cannabis several times in 2007. (AR 227-29, 255). The ALJ also noted that plaintiff was hospitalized in March 2006 for substance abuse. (AR 25). There, he stated he had used cocaine in February 2006. (AR 365). The ALJ did not err in finding that the inconsistencies between plaintiff's testimony and the evidence regarding plaintiff's drug use detracted from his credibility. See Thomas, 278 F.3d at 959 (upholding adverse credibility determination where claimant had "present[ed] conflicting information about her drug and alcohol use").

1       The Court does not specifically address the other reasons the ALJ provided
2 for discounting plaintiff's credibility, but it has determined that they do not detract
3 from the ALJ's ultimate credibility determination.  See Carmickle v.
4 Commissioner of the Social Security Administration, 533 F.3d 1155, 1162 (9th
5 Cir. 2008).  Although the ALJ could have more fully elaborated his reasons for
6 discounting plaintiff's credibility, they are "sufficiently specific to allow [the
7 Court] to conclude the [ALJ] rejected [plaintiff's] testimony on permissible
8 grounds and did not arbitrarily discredit [his] testimony."  See Bunnell, 947 F.2d
9 at 345-46 (citation and internal quotations omitted).  The ALJ's credibility
10 determination is a "reasonable interpretation and is supported by substantial
11 evidence; thus, it is not [the Court's] role to second-guess it."  See Rollins v.
12 Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**V.    CONCLUSION**

      For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

      LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 2, 2010

                                               /s/
                                Honorable Jacqueline Chooljian
                                UNITED STATES MAGISTRATE JUDGE